**UNITED STATES of America,**
**Appellee,**

v.

**Rodolfo LOPEZ–GALDAMEZ, a/k/a**
**Rudolpho Lopez–Galdamez,**
**Defendant–Appellant.**

No. 02–1581.

United States Court of Appeals,
Second Circuit.

June 30, 2003.

Tracy W. Young, Office of Joyce C. London, New York, NY, for Appellant.

Gretchen L. Wylegala, Assistant United States Attorney (Michael A. Battle, United States Attorney for the Western District of New York, on the brief), Buffalo, NY, for Appellee.

PRESENT: WALKER, Chief Judge, STRAUB, and POOLER, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 30th day of June, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal from the judgment of said district court be and it hereby is DISMISSED.

Defendant-appellant Rodolfo Lopez–Galdamez appeals the September 17, 2002 judgment of the district court convicting him, upon his plea of guilty, of illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The court sentenced Lopez–Galdamez to, among other things, 77 months of imprisonment. On appeal, Lopez–Galdamez argues that the district court erred in denying his motion for a downward departure on the ground that his criminal history category substantially over-represented the seriousness of his criminal history.

"It is well established in this Circuit that a court's decision not to depart from the Guidelines is ... not appealable ... [unless] the defendant shows that a violation of law occurred, that the Guidelines were misapplied, or that the refusal to depart was based on the sentencing court's mistaken conclusion that it lacked the authority to depart." *United States v. Lainez–Leiva,* 129 F.3d 89, 93 (2d Cir.1997) (per curiam) (internal citations and quotation marks omitted). Lopez–Galdamez argues that the last of these exceptions applies because, prior to sentencing, the district court gave notice to the parties that it was considering imposing an upward departure based on Lopez–Galdamez's numerous pri-

or arrests. Despite the fact that the district court did not ultimately impose an upward departure, Lopez–Galdamez asserts that it would have been impermissible to upwardly depart on the basis of his prior arrests and that the district judge's view of this issue improperly affected his decision to deny Lopez–Galdamez's motion for a downward departure. We reject this argument because Lopez–Galdamez has offered no support for the proposition that it is improper for a district court to consider a defendant's prior arrest record when deciding a motion seeking a downward departure on the ground that the defendant's criminal history is over-represented.

Because this case presents none of the exceptions to the rule that decisions not to depart from the Guidelines are not reviewable, the appeal is DISMISSED.